**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

Eastern District of Kentucky
**FILED**

APR 2 3 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                          INDICTMENT NO. 0:26-CR-29-DLB

EDDIE A. MCFARLAND and
ANTHONY D. SAYLOR

*   *   *   *   *

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. § 846

On or about a date in June 2025, the exact date unknown, and continuing through on or about March 29, 2026, in Magoffin County, in the Eastern District of Kentucky,

**EDDIE A. MCFARLAND and**
**ANTHONY D. SAYLOR**

did conspire together and with others to knowingly and intentionally distribute controlled substances, including methamphetamine, a Schedule II controlled substance, a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 2
### 18 U.S.C. § 924(c)(1)(A)

On or about August 8, 2025, and continuing through on or about March 29, 2026, in Magoffin County, in the Eastern District of Kentucky,

### EDDIE A. MCFARLAND

did knowingly possess firearms in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, conspiracy to distribute controlled substances, in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
### 21 U.S.C. § 841(a)(1)

On or about June 19, 2025, in Magoffin County, in the Eastern District of Kentucky,

### ANTHONY D. SAYLOR

did knowingly and intentionally distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4
### 21 U.S.C. § 841(a)(1)

On or about August 8, 2025, in Magoffin County, in the Eastern District of Kentucky,

### EDDIE A. MCFARLAND

did knowingly and intentionally possess with the intent to distribute controlled substances, including a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about August 15, 2025, in Magoffin County, in the Eastern District of Kentucky,

**ANTHONY D. SAYLOR**

did knowingly and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
### 21 U.S.C. § 841(a)(1)

On or about October 4, 2025, in Magoffin County, in the Eastern District of Kentucky,

**EDDIE A. MCFARLAND**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
### 21 U.S.C. § 841(a)(1)

On or about October 14, 2025, in Magoffin County, in the Eastern District of Kentucky,

**ANTHONY D. SAYLOR**

did knowingly and intentionally distribute 5 grams or more of methamphetamine, a

Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 8
### 21 U.S.C. § 841(a)(1)

On or about December 19, 2025, in Magoffin County, in the Eastern District of Kentucky,

**ANTHONY D. SAYLOR**

did knowingly and intentionally distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 9
### 21 U.S.C. § 841(a)(1)

On or about February 10, 2026, in Magoffin County, in the Eastern District of Kentucky,

**ANTHONY D. SAYLOR**

did knowingly and intentionally distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 10
### 21 U.S.C. § 841(a)(1)

On or about March 29, 2026, in Magoffin County, in the Eastern District of Kentucky,

**ANTHONY D. SAYLOR**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1.    By virtue of the commission of the felony offenses alleged in Count 1 and 3 through 10 of the Indictment, **EDDIE A. MCFARLAND and ANTHONY D. SAYLOR** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 846. Any and all interest that **EDDIE A. MCFARLAND and ANTHONY D. SAYLOR** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.    By virtue of the commission of the offense alleged in Count 2 of the Indictment, **EDDIE A. MCFARLAND** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that **EDDIE A. MCFARLAND** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.    The property to be forfeited includes, but is not limited to, the following which was seized from **EDDIE A. MCFARLAND**:

### FIREARMS:

a.  Century Arms, TP, 9mm pistol with serial number T6472;
b.  Interarms, Model 22 ATD, rifle with serial number 802438;
c.  H&R Topper, Model 158, shotgun with serial number Af23-8031;
d.  American Tactical, AR15, rifle with serial number N5338909;

    e.  Ruger, LCP, pistol with serial number 377-88075;
    f.  Browning Arms, 22LR, rifle with serial number 515MV06413;
    g.  Sig Sauer, Mosquito, 22, pistol with serial number A013930;
    h.  Taurus, G2C, 40 caliber pistol with serial number AB1106245;
    i.  Smith & Wesson, SD9, pistol with serial number FDR3475;
    j.  Ruger, Security-9, pistol with serial number 381-04257;
    k.  MSP Bodyguard, 380, pistol with serial number KFU0364;
    l.  Sig Sauer, SP2022, pistol with serial number 24B346877;
    m. Springfield Armory, XD, handgun with serial number XD571975;
    n.  Glock, Model 23, 40 caliber, pistol with serial number BYWG890;
    o.  Glock, Model 26, 9mm caliber, pistol with serial number AFPH635;
    p.  Savage Arms, Model 42, rifle with serial number J204953; and
    q.  All associated ammunition and accessories.

4.     If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

████████████████████

**FOREPERSON**

**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

**ANDREW H. TRIMBLE**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

### COUNTS 1, 4, & 6:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

### COUNT 2:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

### COUNT 3, 7, 8, 9, & 10:

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 5:

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Forfeiture of listed items.